# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22718-ALTONAGA/DAMIAN

AUGUST IMAGE, LLC,

      Plaintiff,

vs.

AUGE INTERNACIONAL
MEDIA LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION FOLLOWING SHOW CAUSE HEARING

THIS CAUSE came before the Court after Defendant, Auge Internacional Media LLC ("Defendant"), violated several Court Orders and failed to appear at a Show Cause hearing before the undersigned on July 6, 2023. *See* ECF Nos. 24, 27.[1]

## I.      BACKGROUND

The undersigned certifies the following facts:[2] In this action, Plaintiff, August Image, LLC ("Plaintiff"), asserted a claim for copyright infringement against Defendant based on Defendant's unauthorized publication of a photograph on its website. [ECF No. 1]. Defendant failed to participate in this lawsuit, causing the Court to enter Default Final Judgment against it. [ECF No. 16].

---

[1] This matter was referred to the undersigned by Cecilia M. Altonaga, Chief United States District Judge, to take all necessary and proper action as required by law. [ECF No. 23].

[2] In civil cases where the parties have not consented to final judgment by a Magistrate Judge, upon commission of an act constituting contempt, "the magistrate judge shall forthwith certify the facts to a district judge" who may then decide whether the act warrants punishment. 28 U.S.C. § 636(e)(6)(B).

Plaintiff avers that it served discovery requests in aid of execution on Defendant via U.S. Mail and email on December 7, 2022, and that Defendant did not provide discovery responses, did not respond to Plaintiff's various emails following up on the requests, and stated, through its registered agent on a call with Plaintiff's counsel, that it would not be responding to the requests. [ECF No. 18]

In light of the foregoing, on February 6, 2023, Plaintiff filed a Motion to Compel Post-Judgment Discovery Responses. [ECF No. 18]. In the Motion, Plaintiff sought an order compelling Defendant to respond to Plaintiff's discovery requests in aid of execution. *Id.* The Court granted the Motion on February 22. 2023. [ECF No. 19]. On April 3, 2023, upon Plaintiff's request for clarification, the Court further ordered Defendant to serve responses to Plaintiff's discovery requests on or before April 17, 2023. [ECF No. 21]. In that Order, the Court warned Defendant that failure to comply with the Order may result in Defendant being held in contempt and the Court imposing sanctions. *Id.*

Plaintiff states it served the Order on Defendant via FedEx on April 3, 2023. [ECF No. 22 at ¶ 7]. Defendant failed to provide its discovery responses by April 17th, in violation of the Court's April 3rd Order. *Id.* at ¶ 8. Plaintiff indicates that it attempted to confer with Defendant on April 25, 2023, regarding the discovery requests but that Defendant dismissed Plaintiff's attempts at conferral. [ECF No. 22 at 4].  To date, Defendant has not responded to Plaintiff's discovery requests nor sought relief from the Court.

As such, on June 8, 2023, Plaintiff filed a Motion for Order to Show Cause Why Defendant Should not be Held in Contempt [ECF No. 22]. In light of the foregoing, the undersigned found that Defendant was in violation of the Court's Order, granted Plaintiff's Motion to Show Cause, and entered an Order to Show Cause ordering Defendant to appear

before the undersigned on July 6, 2023, to show cause why an order finding it in civil contempt for failure to comply with Plaintiff's discovery requests and the Court's Order should not be entered against it. [ECF No. 24]. In the Order, the undersigned further ordered Plaintiff's counsel to mail a copy of the Show Cause Order to Defendant through certified mail and file a notice of compliance evidencing service on Defendant. *Id*. The undersigned admonished Defendant that failure to comply with the Show Cause Order may result in the Court finding Defendant in civil contempt and imposing sanctions. *Id*.

Plaintiff certified that it served a copy of the Show Cause Order upon Defendant via email and FedEx on June 21, 2023. [ECF No. 28]. Nevertheless, despite receiving notice of the Show Cause hearing, Defendant failed to respond to the Show Cause Order and did not appear at the Show Cause hearing held before the undersigned on July 6th. Counsel for the Plaintiff appeared and informed the undersigned that the firm has been in contact with Defendant, who communicated to counsel that it refuses to comply with Plaintiff's discovery requests and the Court's Orders.[3]

## II.   RELEVENT LEGAL STANDARDS

### A.   *The Court's Authority To Issue Contempt Orders*

This Court has the inherent authority to enforce its own orders by the exercise of contempt powers. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their legal orders through civil

---

[3] A quick check of the Florida Secretary of State website reflects that Defendant's business is inactive as of May 23, 2023, and that its principal place of business was the same address where Plaintiff mailed its discovery requests and the Court's Orders related thereto.

contempt.")). Where a party continuously violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them. *See Brother v. BFP Investments, Ltd.*, No. 03-60129-CIV, 2010 WL 2978080, at *5–7 (S.D. Fla. July 26, 2010) (Marra, J.).

When fashioning an equitable remedy for civil contempt, district courts enjoy "wide discretion." *McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000); *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999); *Citronelle-Mobile*, 943 F.2d at 1304. Appropriate sanctions for civil contempt include: (1) a coercive fine, (2) a compensatory fine, (3) attorney's fees and costs, and (4) coercive incarceration. *Citronelle–Mobile*, 943 F.2d at 1304 (citations omitted). But a court's discretion is not unfettered, and sanctions imposed to coerce compliance may not be any greater than necessary to ensure compliance. *See Jove Eng'g, Inc. v. Internal Revenue Service*, 92 F. 3d 1539, 1558 (11th Cir. 1996). "And of course, civil contempt sanctions must always give to the contemnor the opportunity to bring himself into compliance by 'satisfy[ing] the trial court that he [is] no longer in violation of the . . . order and that he would in good faith thereafter comply with the terms of the order.'" *Lodge v. H.U.M. Larroc, Inc.*, No. 18-63123-CIV, 2019 WL 13256718, at *2 (Nov. 4, 2019) (Cohn, J.) (quoting *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965)).

Furthermore, as the order that Defendants have disobeyed is in connection with a judgment, Federal Rule of Civil Procedure 70(e) provides that when a party disobeys a lawful order, a district court may "hold the disobedient party in contempt." Fed. R. Civ. P. 70(e); *see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (Moore, J.) (citations omitted).

### B.       Establishing A Finding Of Civil Contempt

The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's prior orders. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citing *United States v. Roberts*, 858 F.2d 698 (11th Cir. 1988)). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (Hurley, J.) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, 15- 24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017) (Goodman, J.) (*citing United States v. Rylander*, 460 U.S. 752, 755 (1983)), *report and recommendation adopted*, 2017 WL  8895340 (S.D. Fla. June 16, 2017). Thereafter, the burden shifts to the alleged contemnor to produce detailed evidence explaining why it cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701. The alleged contemnor must show that it has, in good faith, made all reasonable efforts to comply with the order. *Id.*; *Chairs*, 143 F.3d at 1436. If a sufficient showing is made, the burden shifts back to the party seeking to show contempt to prove the alleged contemnor's ability to comply with the court's order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

## III.     ANALYSIS

The undersigned finds that Plaintiff has shown by clear and convincing evidence that Defendant failed to comply with multiple lawful and valid Orders. First, on April 3, 2023, the Court ordered Defendant to respond to Plaintiff's discovery requests by April 17, 2023. [ECF

No. 21]. The Court warned Defendant that failure to comply with its Order may result in Defendant being held in contempt and the Court imposing sanctions. *Id*. The Order was clear and unambiguous, and there is no indication Defendant could not comply with the Order. Defendant did not respond to Plaintiff's discovery requests, in clear violation of the Court's April 3rd Order.

Based on the foregoing, Plaintiff satisfied its initial burden to show that Defendant failed to comply with a court order, and, as such, the burden shifted to Defendant to show why it should not be found in contempt for failure to comply with the Court's Order. *See Roberts*, 858 F.2d at 701. Therefore, on June 20, 2023, the undersigned ordered Defendant to appear before the undersigned on July 6, 2023, to show cause why an order finding it in civil contempt should not be entered. [ECF No. 24]. The Show Cause Order emphasized that failure to comply may result in the Court finding Defendant in civil contempt and imposing sanctions against it. *Id*. Defendant failed to respond or appear before the undersigned, despite Plaintiff proffering at the July 6th hearing that Defendant was served with and was on notice of the Show Cause Order. Moreover, Plaintiff's counsel stated on the record that the firm had conferred with Defendant's registered agent, who expressed Defendant's refusal to comply with the Court's Orders. Thus, Defendant also violated the Courts' June 20th Show Cause Order.

The undersigned finds, based on the above, that Plaintiff has shown by clear and convincing evidence that Defendant violated the Court's Orders and has not made "all reasonable efforts" to comply with the Court's April 3rd Order or the Show Cause Order. Therefore, Defendant should be found in civil contempt for failure to comply with the Court's Orders.

## IV.   RECOMMENDATION AND ORDER

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Court schedule a hearing directing Defendant to: (1) show cause why it should not be found in contempt of Court for failing to comply with the Court's April 3rd Order and June 20th Order to Show Cause; and (2) show whether it has complied with Plaintiff's discovery requests by the date of the scheduled hearing. Upon a finding of civil contempt, I recommend that Plaintiff be awarded reasonable costs, including attorney's fees, as a sanction for Defendant's failure to provide responses to Plaintiff's discovery requests or to comply with the Court's Orders related thereto and that the Court impose a daily coercive fine against Defendant as a sanction for its continued non-compliance until Defendant purges itself of its contempt. Further, it is hereby

**ORDERED** that Plaintiff's counsel shall prepare and file an Application for Fees and Costs incurred related to its post-judgment discovery requests, from its initial efforts to obtain responses up to and including attendance at the Show Cause hearing. Plaintiff shall provide the Application to Defendant and attempt to confer regarding the amount of fees and costs prior to filing the Application with the Court. It is further

**ORDERED** that Plaintiff's counsel shall provide a copy of this Report and Recommendation and its Application for Fees and Costs to Defendant through certified mail (or another service providing for tracking and requiring a signature upon receipt) and shall file a notice of compliance that includes a copy of a document evidencing receipt by Defendant.

The parties will have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable

Cecilia M. Altonaga, United States Chief District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 17th day of July 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Cecilia M. Altonaga, *Chief United States District Judge*
Counsel of Record

8