UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22718-CIV-ALTONAGA/Damian

AUGUST IMAGE, LLC,

      Plaintiff,
v.

AUGE INTERNACIONAL
MEDIA, LLC,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Melissa Damian's Report and Recommendation [ECF No. 29], entered on July 17, 2023.  In the Report, Magistrate Judge Damian "'certif[ies] the facts'" giving rise to her recommendation that the Court hold Defendant, Auge Internacional Media, LLC, in contempt.  (*Id.* 2 n.2 (alteration added; quoting 28 U.S.C. § 636(e)(6)(B))).

Magistrate Judge Damian recommends that the Court schedule a hearing directing Defendant to "show cause why it should not be found in contempt of Court for failing to comply with [Court Orders]" and "show whether it has complied with Plaintiff's discovery requests by the date of the scheduled hearing."[1]  (*Id.* 7 (alteration added)).  Should the Court make a finding of civil contempt, Magistrate Judge Damian recommends Plaintiff be awarded its reasonable costs, including attorney's fees, as a sanction for Defendant's failure to respond to Plaintiff's discovery requests and noncompliance with related Court Orders.  (*See id.*).  As a further

---

[1] On June 8, 2023, Plaintiff filed a Motion for Order to Show Cause why Defendant Should Not Be Held in Contempt [ECF No. 22].  On June 16, 2023, the Court entered an Order [ECF No. 23] referring Plaintiff's Motion to Magistrate Judge Damian for a report and recommendation.  On June 20, 2023, Magistrate Judge Damian entered an Order [ECF No. 24] granting the Motion and scheduling a show-cause hearing, which took place July 6, 2023 [ECF No. 27].  Magistrate Judge Damian's Report followed.

sanction, Magistrate Judge Damian recommends the Court impose a daily coercive fine until Defendant purges itself of the contempt. (*Id.*).

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

The Report advised the parties that they had 14 days to file written objections. (*See* Report 8). To date, no objections have been filed, nor have the parties requested additional time to object.

The Undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the Undersigned agrees with Magistrate Judge Damian's analysis and recommendation. Accordingly, it is

**ORDERED** as follows:

1. The Report **[ECF No. 29]** is **ACCEPTED AND ADOPTED**.
2. A hearing is scheduled for **September 11, 2023 at 8:00 a.m.**, at which Defendant shall show cause why it should not be adjudged in contempt by reason of the facts

certified by Magistrate Judge Damian in her Report **[ECF No. 29]**.

3. Plaintiff's counsel shall provide a copy of this Order to Defendant through certified mail (or another service providing for tracking and requiring a signature upon receipt) and shall file a notice of compliance that includes evidence of receipt by Defendant, no later than **August 11, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 1st day of August, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record